*Twenty-First Judicial District.*

## In the Court of Common Pleas of Schuylkill County.

---

### HEFFNER *v.* KANTNER *et. al.*

1. In proceedings for a warrant of arrest under the provisions of the act of assembly of 12th July, 1842, abolishing imprisonment for debts, &c., the affidavit should set forth that a suit had been commenced, or a judgment obtained in court.

2. When the arrest is asked for under the last clause of the 3d section of said act, the affidavit should also set forth that the defendants fraudulently contracted the debt, or incurred the obligation, respecting which suit is brought.

**Warrant of arrest under act of 12th July, 1842, abolishing imprisonment for debt, &c.**

Opinion by

WALKER, J. The defendants in the above case were arrested upon a warrant founded upon an affidvit made 29th January, 1872, charging that Danl. Kantner, one of the defendants above named, entered into a verbal con-

tract with the plaintiff, in August, 1869, to go upon woodlands of the plaintiff in Branch township, Schuylkill county, for the purpose of cutting timber for mining purposes, and selling the same at market prices, and after retaining one half of the proceeds for his services, to pay to the plaintiff the other half; and also by a further agreement, Daniel Kantner was to have the use of plaintiff's saw mill to cut and saw the timber upon the same conditions, The affidavit further charges that Daniel Kantner conspired with Charles H. Kantner and Joseph Kantner, to defraud the plaintiff out of $3,875.24, and did defraud said plaintiff. The names of the parties to whom Kantner sold the timber, and the amounts, are specifically set forth.

Upon this affidavit a warrant was issued, placed in the hands of the sheriff, defendants arrested, and bail entered for their appearance at the hearing, which took place on 10th February, 1872, both parties being in attendance and represented by counsel.

The plaintiff claims that his case falls within the provisions of the 3d section of act of assembly of 12th July, 1842, abolishing imprisonment for debt, &c., which are in these words :

"*That he fraudulently contracted the debt or incurred the obligation respecting which suit is brought.*"

Whereupon the defendant's counsel moved to quash the proceedings for the following reasons :

1st. That the affidavit does not set forth that a suit had been commenced, or a judgment obtained in a court of record.

2d. That there was no demand set out in the affidavit.

3d. That the affidavit shows a contract entered into by one of the defendants with the plaintiff and the suit is brought jointly against all the defendants.

Before the passage of the act of 12th July, 1842, the plaintiff might, on bringing his suit on any kind of claim, arrest the defendant and compel him to give bail in the action, and might imprison him if he did not give bail, and on obtaining a judgment he might imprison him as the means of enforcing payment, even though he was totally and not *fraudulently* insolvent. This was a hardship to honest debtors, and it was partially corrected by the act of 1836, and completed by the act of 1842 ; and imprisonment for debt founded on contract was finally abolished, except in the specific cases of fraud, enumerated in the exceptions of the said act.

The warrant upon the presentation of the affidavit to a judge, is required to issue if in accordance with the statute, and is in the nature of a rule upon the party to enter bail.

On the hearing and before the commitment, the judge trying the case should be clearly satisfied that the affidavit contained all the allegations required by the statute to bring the plaintiff's case within the exceptions,

otherwise he will be left to his remedy in an action on the case, and by a special allocator, bail sufficient will be allowed to secure the plaintiff's demand.

It is contended that the defendant's remedy is in a writ of habeas corpus and having neglected to avail themselves of it at the proper time it is now too late to object to the insufficiency or informality of the proceedings.

No doubt the defendants might have taken out a writ of habeas corpus. But any valid objection to the proceedings that could have been urged then can now be entertained in a preliminary hearing on a motion to quash.

As to the first point, we think that the affidavit, which is a mesne process, like a writ of estrepement in an ejectment case, or as the Supreme Court have said in Gosline v Place, 8 Casey, 527, "like a rule on a party to show cause why he should not be held to bail in a given action," should set forth that a suit had been commenced, or the caption of the affidavit should contain the names of the parties, the number and term of the case, so as to identify the affidavit and warrant of arrest sufficiently with the suit in which the defendants are called to appear and enter bail. See 10 Harris, 450, and 8 Casey, 520. This the affidavit does not do ; it does not even mention the court in which the suit has been instituted. If there were several suits between the same parties, the defendants would be utterly at a loss to know in what particular suit the proceedings were pending.

This information they should have, to enable them to make their defence, and to controvert any of the facts and circumstances on which such warrant is issued.

The affidavit in this respect, we think, is defective. Whether any evidence dehors the record could be received to obviate this defect, it is unnecessary to express an opinion.

A more serious objection to sustaining these proceedings lies in the fact that the action is brought jointly against the three defendants, while the affidavit shows that the contract was made with one of them, to wit, with Daniel Kantner, and that Charles and Joseph Kantner conspired with Daniel to cheat and defraud the plaintiff by making false returns, &c. It must be borne in mind that, under this act of Assembly, the proceedings *must* be founded upon a *contract*. In actions *ex delicto* the remedy is the same as before the act abolishing imprisonment for debt.

If the facts set forth in the affidavit are true, an action on the case for conspiracy to defraud the plaintiff could be sustained, but there could be no joint action in form *ex contractu;* or if the affidavit was filed as a narr· the defendants could demur, and upon that demurrer judgment would be entered for them. So if a narr. were filed charging the defendants jointly, and corresponding with the præcipe in this suit, the pleading would be

regular ; but if upon trial the evidence showed a state of facts similar to that disclosed by the affidavit, to wit, that the contract was made with one of the defendants only, the judgment must be for the defendants.

"In an action *ex contractu* against several, it must appear by the pleadings that the contract was joint, and that fact must be proved." Nutz v. Reutter, 1 Watts, 229

"And if too many persons be made defendants, and the objection appear on the pleadings, either of the defendants may demur, move in arrest of judgment, or support a writ of error." 1 Chitty's Plead. 31 ; 7 Tenn. Rep. 352.

"And if the objection do not appear upon the pleadings, the plaintiff may be nonsuited upon the trial, if he fail to prove a joint contract." 1 East. 52 ; 1 Esp. Rep. 363.

"So if one sue several defendants in debt, and the evidence fix one of them, the plaintiff must be nonsuited, and the names of the others cannot be stricken out." Cooper v. Whitehouse, 6 Carr. & Payne, 545 ; 25 Eng. Com. Law Rep. 535 ; Saunders on Pleading and Evidence, vol. 1, p. 179. ; 1 Saunder's 291, note "F ;" Sweigert v. Berk, 8 S. & R. 310.

In addition to what has been said, we think (though it has not been alluded to by counsel, or the point made), that the affidavit should set forth that the defendants "fraudulently contracted the debt," or incurred the obligation respecting which the suit is brought, as he rests his case upon these words. In Com. *v.* McCabe 10 H. 450, the suit was not only identified, but the affidavit set forth that defendant fraudulently contracted the debt. This is not the precision required by an indictment, but the mere words of the statute. There is no allegation in the affidavit that the agreement was fraudulently made, though there are numerous and emphatic declarations of a conspiracy to cheat and defraud the plaintiff out of his money. This distinction determines the remedy of the plaintiff.

If the defendants fraudulently contracted the debt, then the plaintiff's case would come within the exceptions of the statute. But if after making the contract in good faith, he fraudulently conspired with the other defendants, then the remedy, we think, would be in an action on the case in form *ex delicto.*

From the above cited authorities the motion is sustained, and proceedings quashed.

Messrs. *Cumming, Bartholomew* and *Wright,* for plaintiff; Messrs. *Geer* and *Hughes & Farquhar,* for defendant.